**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>    Sadie Smith,<br>                      Debtor. | Chapter 13 |
| U.S. Bank National Association, as Trustee MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-4,<br>                      Movant,<br>vs.<br><br>Sadie Smith,<br>                      Debtor / Respondent,<br><br>and<br>KENNETH E. WEST,<br>                      Trustee / Respondent. | Case No.: 22-11130-pmm |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

NOW COMES, U.S. Bank National Association, as Trustee MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-4, by and through its counsel, Roger Fay, Esquire, of Albertelli Law, and hereby requests an order terminating the automatic stay provisions of section 11 U.S.C. § 362 as to Debtor, Sadie Smith, to enable Movant to take any and all action necessary to enforce its rights as determined by the Note (defined below) and Mortgage (defined below), state and/or other applicable law with regard to real property known as and located at 498 East Sanger Street, Philadelphia, PA 19120, and in support thereof avers as follows:

**THE PARTIES**

    1.    Movant, U.S. Bank National Association, as Trustee MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-4, is a secured creditor of the Debtor.

2. Debtor, Sadie Smith, is the owner of real property known as and located at 498 East Sanger Street, Philadelphia, PA 19120 (the "Property").

**JURISDICTION AND VENUE**

3. On or about May 2, 2022, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code.

4. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

6. Debtor, Sadie Smith, is the owner of the Property.

7. Debtor, Sadie Smith, has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $89,000.00 (the "Note"). Movant is an entity entitled to enforce the Note.

8. Pursuant to that certain mortgage executed by Sadie M. Austin a/k/a Sadie M. Smith dated April 19, 2007 and recorded in the office of the county clerk of Philadelphia, Pennsylvania (the "Mortgage"), all obligations (collectively the "Obligations") of the Debtor and with respect to the Note and the Mortgage are secured by the Property.

9. Nationstar Mortgage LLC, has possession of the promissory note and held the note at the time of the filing of the Movant's Motion for Relief from the Stay. The promissory note has been duly indorsed.

10. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

11. Debtor has failed to make monthly payments due under the Mortgage since the filing of the petition for the months of May 1, 2024 through July 1, 2024.

12. As of July 1, 2024, the amount of the post-petition delinquency is as follows:

| | |
|---|---|
| 1 Payment @ $879.15 (5/1/24) | $ 879.15 |
| 2 Payments @ $870.50 (6/1/24-7/1/24) | $ 1,741.00 |
| Less Suspense | ($ 0.00) |
| **Total Post-Petition Arrears** | **$ 2,620.15** |

**BASIS FOR RELIEF REQUESTED**

13. Movant requests an order terminating the automatic stay provisions of 11 U.S.C. § 362 to enable Movant to take any and all action(s) necessary to enforce its rights as determined by the Note and the Mortgage, State and/or other applicable law with regard to the Property.

14. Section 362(d) permits relief from the automatic stay upon two bases. Section 362 provides that relief may be granted:

> (1) for cause including the lack of adequate protection of an interest in property of such party in interest; *or*
>
> (2) with respect to a stay of an act against property, if
>     (A) the debtor does not have equity in such property and
>     (B) such property is not necessary to an effective reorganization or plan.

15. Section 362(d) is written in the disjunctive rather than the conjunctive so that either basis alone is a sufficient basis for relief. *See,* Nazareth National Bank v. Trina-Dee, Inc. 731 F.2d 170, 170 (3rd Cir. 1984) (explaining that "either ground along is sufficient to justify relief from the stay"). Movant is not adequately protected because the Debtor has failed to make post-petition mortgage payments. Movant has cause to have the automatic stay modified so as to permit Movant to take any and all action(s) necessary to enforce its rights as determined by State and/or other applicable law with regard to the Property.

**WHEREFORE,** Movant prays that this Court issue an Order terminating or modifying the automatic stay and granting the following:

1. Relief from the automatic stay for all purposes allowed by the Note, the Mortgage, and applicable law with respect to Movant, its successors or assigns, and the Property;

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

3. For such other relief as the Court deems proper.

DATED: July 18, 2024

Respectfully submitted,
ALBERTELLI LAW

/s/ Roger Fay, Esq., ID No. 315987
14000 Commerce Parkway, Suite H
Mount Laurel, NJ 08054
rfay@alaw.net
(856) 724-1888
Attorneys for Movant